# UNITED STATES COURT OF APPEALS
## THE FIFTH CIRCUIT

CASE NO: 20-40349
U.S. D.C. NO: 2:19-CV-00069

DANIEL G. SANCHEZ
PLAINTIFF - APPELLANT

V.

CANDANCE R. MOORE, MC CONNELL UNIT LAW LIBRARIAN; MEGAN R. THOMPSON, SECURITY OFFICE, LAW LIBRARY; PHILIP J. SIFUENTES, SENIOR WARDEN MC CONNELL UNIT; DOCTOR ISSAC KWARTENG, UNIT MEDICAL DIRECTOR; TANYA LAWSON, SENIOR PRACTICE MANAGER, UNIT HEALTH ADMINISTRATOR: ALL EMPLOYED BY THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY: DEFENDANTS - APPELLEES AT THE WILLIAM G. MC CONNELL UNIT, BEEVILLE, TEXAS.

STATEMENT(S), FACT(S), OF LEGAL ISSUES I WANT THIS COURT TO DECIDE!

RIGHTS OF ACCESS TO THE COURTS - REQUIRED BY THE UNITED STATES SUPREME COURT:

THE TOOLS REQUIRED TO BE PROVIDED TO INMATE(S) BY THE UNITED STATES SUPREME COURT holding in Bounds v. Smith, 1977, 430 U.S. 817, 52 L.Ed 2d 72, 97 S.CT. 1491.

THE FUNDAMENTAL FEDERAL CONSTITUTIONAL Rights OF ACCESS TO THE COURTS, "REQUIRE PRISON ADMINISTRATION TO ASSIST INMATES IN THE PREPARATION AND FILINGS OF MEANINGFUL LEGAL PAPERS by PROVIDING, PRISONER'S WITH AN ADEQUATE LAW LIBRARY AND ADEQUATE LEGAL ASSISTANCE FROM PERSON(S) TRAINED IN THE LAW.

(1).

Although adequate law libraries are "USELESS", should adequate assistance from trained person(s) in the law "NOT" be available to assist.

Those inmates in dire need of directly or collaterally attacking their conviction, sentence or challenging their conditions of confinement before the court, its policy and custom —

The holdings in Bounds v. Smith, guarantees no particular methodology, but rather a conferral of the ability to bring complicated challenges of their conviction, sentence or the conditions of their confinement before this court.

Thus when an inmate be they illiterate or non-english speaking, shows an actionable claim of this nature which the inmate desires, to bring action which has been prevented, manipulated, rejected by the unit law library staff, a federal magistrate judge (who is bias, prejudicial, toward inmate litgators, as is the true ability of these filings of suit has not been provided.

This inmate must demonstrate the state has failed to furnish him with an adequate law library and meaningful assistance from trained person(s) in the law...

Ability is one of the evidential and constitutional connections of challenging a conviction and sentence of incarceration and the conditions of confinement. Supreme Court Justice(s), Souter, Ginsberg, Breyer, Stevens, J.J., dissented in part from their holdings.

Rights of Access to the Courts;

The Federal Constitution does require as part

of the "<u>Rights of Access to the Courts</u>"; that the state enable prisoner's to discover grievances and allow inmates to litigate effectively once in court. Since to demand the conferral of such legal assistance upon the most uneducated and largely illiterate prison population (which effectively have the right to demand the provisions of person(s) trained in the law.

In, <u>Bounds V. Smith</u>, Courts did not create an abstract free-standing right to a law library or legal assistance... The right that the <u>Bounds Court</u> does acknowledge is the right of access to the courts. 430 U.S. 817, 821. 52 L.Ed 2d 72. 97 S.Ct. 1491.

To establish a Bounds violation; of actual injury, an inmate must demonstrate that the alleged shortcomings is in an inadequate law library and the non-existant legal assistance program, it's custom and policy, that hinder this inmates' efforts to pursue a non-frivolous legal claim.

This requirement of standing, although Bounds makes no mention of actual injury required, it can hardly be thought to have eliminated that constitutional prerequisite.

<u>INJURY</u>:
The forfeiture of the remaining law library session time, once finally allowed to use the restroom, after much "<u>Rolling of the Eyes</u>"... much ridiculing and embarrassment (totally unprofessional behavior, are we in grade school again....?
To include the forfeiture of all extra-time....

It takes hours, days, to perfect a productive brief for the court, with no legal assistance available, sometimes twice as long....

(3)

which is why an inmate is time-barred, told by a prejudicial, bias magistrate judge "Petitioner failed to make legal claim and should be dismissed." His claim has no merit.

I humbly ask, any reasonable minded person... "How can one properly purpose an effective claim without the adequate availability of up-to-date research material, that's _NOT_ available to the inmate"?

He is _NOT_ allowed to browse the material on the shelves, speak to other inmates... I am told I can inter-loan material (but only three per day)? And cannot get them till the next day?

Furthermore, I am not allowed to scan the material, to see if that's what I truly need... And _NOT_ waste alot of valuable research time and resources (the state pays for printed material...) Alot of wasted material and probably useless for another and takes up much needed cabinet space that's always in dire need...

Further Injury:

Begging the Courts pardon... my in-depth research studies, to perfect my brief. I've often asked myself, due to my "_Frequent Urination_" is this a disability? Surely it's not normal?...

I was diagnosed with "_Chronic Renal Failure_" on or about June 26, 2017.

I could not get an answer from medical, although I was always _denied_ a "_Frequent Urination Pass_" from medical. I did admonish the Law Library staff of my illness, they _did not_ wish to adhere or investigate my illness, to the

(4).

POINT OF DELIBERATE INDIFFERENCE OF "I DON'T CARE"... EXCUSE ME?

WHEN I FIRST FILED THIS SUIT FOR INJUNCTIVE AND DECLARATORY RELIEF, FEDERAL MAGISTRATE JASON LIBBY, MADE A MOCKARY OF MY SERIOUS MEDICAL ISSUES AND THE FACT THAT I WAS BEING HARASSED, RETALIATED, HUMILIATED BY THE LAW LIBRARIAN AND HER STAFF.

MY COMPLAINTS WERE TOTALLY IGNORED BY THEN SENIOR WARDEN PHILIP J. SIFUENTES, MEDICAL DIRECTOR ISSAC KWARTENG, TANYA LAWSON, UNIT HEALTH ADMINISTRATOR.

I ALSO ASKED FOR RELIEF UNDER THE "RESPONDEAT SUPERIOR" CLAUSE: BLACK'S LAW DICTIONARY - DEFINES: "RESPONDEAT SUPERIOR" AS "LET THE SUPERIOR MAKE ANSWER"... NO ONE did, HAS...?

THE holding doctrine "AN EMPLOYER OR PRINCIPAL IS LIABLE, FOR THE EMPLOYEE'S OR AGENT'S, WRONGFUL ACTS... COMMITTED WITHIN THE SCOPE OF EMPLOYMENT."

IN MY due diligent RESEARCH, I CAME ACROSS TITLE 42 - Public Health AND WELFARE; 42 U.S.C.S. § 12102 "DISABILITY DEFINITIONS" - CHAPTER 126 "EQUAL OPPORTUNITY FOR Individuals With DISABILITIES".

§ 12102 "DEFINITIONS OF DISABILITIES": AS USED IN THIS ACT)

(1). "DISABILITY", MEANS WITH RESPECT TO AN INDIVIDUAL;

(A) A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ON OR MORE MAJOR LIFE ACTIVITIES OF SUCH INDIVIDUAL;

(B). A RECORD OF SUCH IMPAIRMENT THAT SUBSTANTIALLY

(5).

(begging the courts pardon... I am an indigent inmate and can not order a copy of my medical records, because I do not have the means to pay for them... Therefore, I humbly request that this court set an order to have them forward to the court as an exhibit to substantiate my claim.

That on or about June 24, 2017, I was diagnosed by Eric Echavarry, mid-level medical health provider at the William G. McConnell Unit Infirmary, Beeville, Texas. To suffer from "Chronic Renal Failure", that he could not say when, but that someday I would be required to be put on a dialysis machine.

(C). Being required as having such an impairment (as described in paragraph (3).

(2). MAJOR LIFE ACTIVITIES:
(A) In general, for the purposes of paragraph (1). Major life activities include but not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, breathing, learning, reading, concentrating, thinking, communicating, working.

(B). MAJOR BODILY FUNCTIONS:
For the purpose of paragraph (1). A major life activity also includes the operation of a major bodily function, including but not limited to functions of the immune system, normal cell growth, digestive system, bowels, "bladder" (Merrian-Webster, dictionary defines - "Bladder" - A vertebrate into which "urine passes", from the kidney"), neurological, brain, respiratory, circulatory, endocrine and reproductive functions.

(3). Regarding as having such a impairment for the purposes of paragraph (1), (c).

(4). An individual meets the requirements of being regarded as having such an impairment if the individual established that he has been subject to an action prohibited under this Act because of the actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity.

(b). Paragraph (1),(c), shall not apply to impairments that are transitory or minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

(4). Rules of construction regarding the definition of a disability. The definition of "disability" in paragraph (1), shall be construed in accordance with the following:

(A). The definition of disability in this Act shall be construed in favor of broad coverage of an individual under the Act, to maximum extent permitted by the term of this Act.

(B). The term "substantially limits", shall be interpreted consistently with the following findings and purposes of the ADA Amendment Acts of 2008.

(C). An impairment that substantially limits one major life activity, if it would substantially limit a major life activity when active.

(D). An impairment that substantially limits one major life activities need not limit others major life activities in order to be considered a disability.

(E.) The determination of whether an impairment substantially limits a major life activity shall be determine without regard to the ameliorative effect or mitigating measures such as ———

(1). Medication, medical supplies or appliances, low-vision devices, which do not include ordinary eyeglasses or contact lens.

U.S.C.S. § 12132 "Discrimination":

Subject to the provisions of this title, no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity. Act July 26, 1990, P.L. 101-336, Title II, Subtitle A, § 202, 104. Stat. 137.

Title II of the ADA (42 U.S.C.S. §§ 12131, et. seq.) does not require that substantially different services be provided to disable no matter how great their need for services may be. Rather ADA requires only that covered entities, "make reasonable" accommodations to ensure meaningful access to such services as may be provided, whether such services are adequate or not. Wright v. Giuliani, 230 F.3d 543, 13 Accom. Disability Dec. (CCH) P8-116, 11 Am Disability Cas (BNA) 1453 (2nd. Cir. 2001).

When plaintiff brings direct suit under Title II and ADA (42 U.S.C.S. § 12121 et. seq.) against a municipality, public entity is liable for vicarious acts of its employee's, doctrine of "Respondent Superior". Duvall v. County of Kitsap, 260 F.3d 1124, 2001. Cal. daily op Service 7024, 2001 D.A.R. 8599, 9 Accom. Disability Dec (CCH) P9-098, 12 Am. Disabilities Cas (BNA) 148, 12 Am Disabilities Cas 558 (9th Cir. Amend. Reh'g denied, 2001 Cal. daily op. Service 8760, 2001 D.A.R. 10851 (9th Cir. 2001).

Why must I be made to share alot of private and personal information with the clerk's and officer's? That is usually shared with other's...

dispite the Fact their bound NOT TO ... This is certainly, no penological interest to no one but myself and the courts.

Bounds court suggest that it does NOT guarantee prisoners the wherewithal to file any, every-type of legal claim, but does "REQUIRE" the government to provide, prisoner's with tools to attack their conviction, sentence, directly or collaterally and to be able to challenge the conditions of their confinement.

The Bounds court, suggest that prison authorities must allow the prisoner(s) to file grievance(s) and to redress the government official's, administration, to litigate effectively, without reprisal. 430 U.S. at 825-26, 52 L.Ed. 2d 72, 97 S.ct. 1491, N.14.

Prisoner filed this suit "on behalf of all adult prisoners" housed at the William G. McConnell Unit, Beeville, Texas, who ... are, shall be incarcerated by the State of Texas, in the Texas Department of Criminal Justice - Correctional Institutional Division.

Prisoner(s) allege (he) is being deprived of his rights of access to the courts ... is being impede upon by early session termination as he request useage of the facility restroom,-
"Due to documented Physical Medical illness and Prescribed Medication".

This Unit's law librarian and her staff are deliberately indifferent to this inmates medical needs. The Unit Medical Director Issac Kwarteng, Unit Health Administrator, Tanya Lawson, seem to be on same page, as inmate is told that a "Medical Pass Cannot be Written"? In this Unit's "Correctional Managed Health Care Policy Manual"

A-08.18 "Medical Passes". It has a clear understanding that such a pass can indeed be authorized, and written.

At that time I sought the assistance of Senior Warden Philip J. Sifuentes, "Respondeat Superior" He "did not" rush to intervene"? Excuse me!! With Ms. Moore's policy/custom... makes me question... "Who's running the McConnell Unit"?

Early termination of meaningful access to the courts has been heard to be said by Ms. Moore (her staff) "It's to avoid disruption of the Law Library Session"... Excuse me!! It's not taken into consideration that Ms. Moore's office radio is too loud! Or, that she, her staff, yell... across the law library to each other and has nothing to do with an emergency situation, security or the like... Oh God Forbid... that an inmate should point this out... (You'll immediately be demanded to leave and shall meet he wrath...)

It's common courtesy to get up and speak to another, should one must... or to call via the phone and confer what you will, privately... After all this is a Library !)

The Law Library workers (inmates) are just as bad... they come and go to restroom... with not so much as a by-your-leave... as many times as they will? Please... Is this not some type of Special Treatment??

The last time I checked they were/are still Prisoner's. They are similarly situated or may be Not? Inmates visiting the unit's Law Library deserve the same equal protection and treatment, guaranteed by the United States Constitution.

IT IS POINTLESS, TO ASK FOR HELP OR LEGAL ASSISTANCE FROM THIS LAW LIBRARY STAFF OR IT'S CLERK'S AS NEITHER IS TRAINED IN THE LAW...

AT ONE POINT, I OVER HEARD (how could I not...?) "MS. MOORE... (as it was shouted across the Room, in the Law Library) IS THERE A SUPREME COURT OF TEXAS"? MS. MOORE, THUS REPLIED "NO... I'VE NEVER heard OF ONE"... EXCUSE ME!! You've been THE UNIT LAW LIBRARIAN FOR how LONG ??? AND don't KNOW IF THERE IS A SUPREME COURT OF TEXAS... REALLY?

I SINCERLY doubt, IF SHE IS AWARE OF What TYPE OF CASES ARE EVEN heard by this COURT...
THE SUPREME COURT OF TEXAS, has been AROUND AS LONG AS THE STATE ITSELF.

Which goes to PROVE MY POINT... MS. MOORE, her STAFF ARE "NOT" LAWYER'S, LEGAL ASSISTANT'S, NOR STUDENT'S OF LAW... NEITHER have A degree IN LIBRARY OF SCIENCE, AS REQUIRE by LAW...

EARLY TERMINATION OF LAW LIBRARY SESSIONS, EXTRA-TIME, because ONE has to USE THE RESTROOM (with-Out SPECIAL ACCOMMODATIONS) AS FACILITY ARE ALREADY IN PLACE JUST FOR THAT REASON...
AT NO FURTHER COST TO THIS INSTITUTION, NO NEED FOR SPECIAL ACCOMMODATIONS FOR SECURITY, AS OFFICER has ASSIGNED duty POST, MUST PERMIT THOSE IN MEDICAL holding AREA TO USE RESTROOM AS NEEDED.

THIS CERTAINLY CANNOT JUSTIFY A SECURITY ISSUE OR THE disruption OF this INSTITUTIONAL NORMAL OPERATIONS. LEAST ALL have ANY PENOLOGICAL INTEREST.
EVEN, A PRISONER IS ENTITLED TO THE PERSONAL PRIVILEGE TO VOID body WASTE? CITING, Bounds V. Smith, 822, 52, L.Ed. 2d 72, 97 S.Ct. 1491.

MC CONNELL UNIT LAW LIBRARY STAFF FAIL TO COMPLY WITH CONSTITUTIONAL STANDARDS. 824 F.Supp. 1567.

STANDING - ACTUAL INJURY - DEPRIVATION CLAIM:

PURSUANT TO THE DOCTRINE OF STANDING, NOT EVERYONE CAN POINT TO SOME CONCRETE ACT THAT IS AN ADVERSE ACTION AND CALL IN THE FEDERAL COURTS TO EXAMINE THE IMPROPERLY OF THE EXECUTIVE ACTION. FOR THE PURPOSE OF DEPRIVING A PRISONER ON AN ARGUABLE THOUGH ESTABLISHED CLAIM, OF ACTUAL INJURY, THIS PERSON IS DEPRIVED OF SOMETHING OF VALUE.

DEPRIVING THAT PERSON OF A CLAIM, THUS DEPRIVES THIS PERSON OF EVERYTHING, EXCEPT PERHAPS THE PUNISHMENT AND SANCTIONS, UNDER RULE 11, OF THE FEDERAL RULE OF CIVIL PROCEDURE. OPINION BY SUPREME COURT JUSTICE(S), SOUTER, GINSBURG, BREYER. DISSENTING FOR THE COURT.

JUDICIAL POWER - ENCROACHMENT ON OTHER BRANCHES:

FOR THE PURPOSE OF PREVENTING THE FEDERAL COURTS FROM UNDERTAKING TASKS ASSIGNED TO THE POLICIAL BRANCHES ONCE A PLAINTIFF HAS DEMONSTRATED HARM FROM ONE PARTICULAR INADEQUACY OR THE GOVERNMENT ADMINISTRATION. THE REMEDY PROVIDED BY THE COURTS, MUST BE LIMITED TO THE INADEQUACY THAT PRODUCED THE INJURY-IN-FACT, THAT THE PLAINTIFF HAS ESTABLISHED. THIS IS NO LESS TRUE WITH THE RESPECT TO INDIVIDUAL, CLASS-ACTION OR WITH RESPECT TO OTHER SUITS.

JUDGMENT ON PLEADING § 4, 5. PLAINTIFF'S BURDEN:

AS THE PLEADING STAGE. GENERAL FACTUAL ALLEGATIONS OF INJURY RESULTING FROM THE DEFENDANT'S CONDUCT MAY SUFFICE. THE PLAINTIFF MUST SET FORTH BY AFFIDAVIT OR OTHER EVIDENCE, STATING SPECIFIC FACTS IN WHICH WILL BE TAKEN AS TRUE, FOR

FOR PURPOSES OF THE MOTION IN ORDER TO ESTABLISH A BOUNDS VIOLATION, INMATE MUST SHOW THE INADEQUACY OF THE PRISON LAW LIBRARY, OR THE NON-EXISTANT LEGAL ASSISTANCE PROGRAM, WHICH CAUSED THE ACTUAL INJURY, AS WELL AS DISCRIMINATION AND DELIBERATE INDIFFERENCE TO THIS INMATES SERIOUS MEDICAL NEEDS AND EARLY TERMINATION OF LAW LIBRARY SESSIONS DUE TO INMATE DISABILITIES, OR <u>FREQUENT URINATION</u>, DUE TO CHRONIC RENAL FAILURE.

THIS ACTUAL PREJUDICE IS CAUSED WITH RESPECT TO THE CURRENT LITIGATION AND THE "INABILITY TO PRESENT CLAIM"... SEE, DANIEL G. SANCHEZ V. CANDANCE R. MOORE, ET. AL., CIVIL ACTION NO: 2:19-CV-00069.

<u>TURNER ANALYSIS:</u>

A MAJORITY OF THESE COURTS PROPERLY CONSIDER FOUR FACTORS, RELEVENT TO DETERMINE WHETHER A CHALLENGE TO A PRISON POLICY/CUSTOM IS REASONABLY RELATED TO A LEGITIMATE PENOLOGICAL INTEREST? SUGGESTIVE ANSWER, <u>NO</u>.

(1). WHETHER THERE IS A VALID RATIONAL CONNECTION BETWEEN THE PRISON POLICY/CUSTOM AND LEGITIMATE GOVERNMENTAL PENOLOGICAL INTEREST TO JUSIFY IT? SUGGESTIVE ANSWER, <u>NO</u>.

(2). WHETHER THERE ARE ALTERNATIVE MEANS OF EXERCISING THIS RIGHT? SUGGESTIVE ANSWER, <u>YES</u>.

(3). THE IMPACT THAT RECOMMODATION OF THE CONSTITUTIONAL RIGHT WILL HAVE ON GUARDS, OTHER PRISONERS OR THE ALLOCATIONS OF PRISON RESOURCES? SUGGESTIVE ANSWER(S) ──

IMPACT ON ACCOMMODATIONS: <u>NONE, FACILITIES IN PLACE</u>.
IMPACT ON GUARDS: <u>NONE, OFFICER HAS POST ASSIGNMENT</u>.

IMPACT ON OTHER PRISONER'S; LAW LIBRARY PRISONER'S SHALL BE GREATFUL...

PRISONER'S WAITING IN MEDICAL HOLD-OVER SHALL FALL IN-LINE.

(4). ALLOCATION OF PRISON RESOURCES: SUGGESTIVE ANSWER: <u>NONE</u>.

(5). WHETHER THE PRISON REGULATION(S), POLICY, CUSTOM, IS AN "<u>EXAGGRATED ACTION</u>"? SUGGESTIVE ANSWER, <u>YES</u>.

<u>RESOLUTION REQUESTED</u>:

THAT I (OTHER'S) MAY BE ALLOWED TO USE THE RESTROOM (MEDICALLY IMPAIRED OR NOT...) SHALL NOT BE PUNISHED FOR IT... BY THE FORCE OR COST, THE REMAINDER OF ACCESS TO THE COURTS, LAW LIBRARY SESSION, INMATE MAY BE ALLOWED TO BROWSE THE RESEARCH MATERIAL, MAY BE ALLOWED, TO CONFER WITH OTHER PRISONER'S QUITELY FOR MORE THAN 15 MINUTES AT THEIR TABLES, OR ASK FOR A LEGAL VISIT FOR THE DURATION OF THE LAW LIBRARY SESSION, WITHOUT HARASSMENT OR REPRISAL... <u>NOT</u> HAVE TO SHARE PERSONAL, PRIVATE INFORMATION WITH CLERK'S OR OFFICER'S UNLESS THEY CHOOSE TOO — MAY BE ALLOWED LEGAL VISITS FOR THE TWO HOUR LAW LIBRARY SESSION, WITHOUT HAVING TO REVEIL YOUR ENTIRE CASE.

THE SUPREME COURT, OTHER COURTS HAVE ALL AGREED THAT LEGAL ASSISTANCE, LAW STUDENT'S, PERSON(S), TRAINED IN THE LAW, LEGAL RESEARCH, WHO CAN ASSIST THOSE WHO HAVE LITTLE OR NO KNOWLEDGE OF LAW OR LEGAL RESEARCH TO INCLUDE THOSE WHO CAN NOT AFFORD AN ATTORNEY WITHOUT PENALTY,

Since neither the Clerk's or Officer's (Security) are trained in the law or legal research to include but not limited to the construction of making briefs, writs, motions or pleadings to the Court's.

I humbly request that these issues along with relief of a permanent injunction and declaratory relief may be so granted in and for a matter of justice, so help me God!

Executed on this 3rd day of August 2020.

Respectfully,

DPG

## Unsworn Declaration

I, Daniel G. Sanchez, #1288875, am presently incarcerated at the William G. McConnell Unit 3001 S. Emily drive, Beeville Texas 78102.

I hereby declare that the following statement(s) and fact(s) are true and correct under this state laws of perjury, so help me God!

Executed on this 3d day of August 2020.

DPG
Daniel G. Sanchez
#1288875
McConnell Unit
3001 S. Emily drive
Beeville, Texas 78102

## Certificate of Service

I hereby certify that a true and correct copy has been forward, properly addressed to: State Attorney General P.O. Box 12548 Austin, Texas 78711.
On the 3rd day of August 2020.

DPG
Daniel G. Sanchez
#1288875
McConnell Unit
3001 S. Emily drive
Beeville, Texas 78102

(15).

Daniel G. Sanchez
#1288875
McConnell Unit
3001 S. Emily Drive
Beeville, Texas 78102



Legal
Mail

United States Court of Appeals
 The Fifth Circuit
Office of the Clerk
600 S. Maestri Place Ste. 115
New Orleans, Louisiana 70130-3408